UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                         |   |                                  |
|-----------------------------------------|---|----------------------------------|
| **FRANCIA RIVERA, et al.,**             : |                                  |
|                                         : | Civil Action No. 12-7432 (JLL)   |
| **Plaintiffs,**                         : |                                  |
|                                         : |                                  |
| v.                                      : | OPINION                          |
|                                         : |                                  |
| **LINCOLN PARK CARE**                   : |                                  |
| **CENTER, LLC, et al.,**                : |                                  |
|                                         : |                                  |
| **Defendants.**                         : |                                  |

### I. Introduction

This matter comes before the Court on Plaintiffs' motion to amend the Complaint to add seven defendants: (1) Lincoln Park Care Center Holding Company ("LPCC Holding"); (2) FEM, LLC ("FEM"); (3) Mimi Feliciano ("Ms. Feliciano"); (4) Lincoln Park Nursing Home, Inc. ("LP Inc."); (5) Harry Wruble ("Mr. Wruble"); (6) 499 Pine Brook Operating, LLC ("PB Operating"); and (7) Pine Brook Ventures, LLC ("PB Ventures").[1] For the reasons set forth herein, Plaintiffs' motion is granted-in-part and denied-in-part.

### II. Background

Plaintiff Germania Polanco has resided at a nursing home located at 499 Brook Road, Lincoln Park, New Jersey since August 2008. Proposed Am. Compl., ECF No. 30 ¶ 6. Ms. Polanco is 75 years old, suffers from dementia and schizophrenia, and is deaf. Id. ¶¶ 6, 25.

---

1 LPCC LLC, LPCC Holding, FEM, Ms. Feliciano, and LP Inc. shall be collectively referred to as the "Prior Owner Defendants." PB Operating and PB Ventures shall be collectively referred to as the "Current Owner Defendants."

On May 3, 2012, Ms. Polanco was the victim of a violent sexual assault at the nursing home. Id. ¶¶ 27-28. On that date, the nursing home was owned and operating by Lincoln Park Care Center, LLC ("LPCC LLC"). Id. ¶ 9. Plaintiffs allege that during the relevant time period, LPCC LLC was owned by LPCC Holding, FEM, Ms. Feliciano, and LP Inc. Id. ¶¶ 10-13. Plaintiffs also allege Ms. Feliciano was a manager/officer of LPCC LLC. Id. ¶¶ 12, 68, 74. Mr. Wruble was the "Administrator" of LPCC LLC at the time Ms. Polanco was assaulted; he was responsible for the "oversight of the facility and the care of its residents." Id. ¶ 15.

While Ms. Polanco still resides at the same physical location, the nursing home is no longer owned and operated by LPCC LLC. Instead, on December 31, 2012, LPCC LLC's assets were sold to PB Operating, which is owned by PB Venture. Id. ¶¶ 16-20.

Plaintiffs filed the Complaint on December 4, 2012. See Compl., ECF No. 1. LPCC LLC was the only defendant actually named in the Complaint, but fictitious corporate entities and individuals were also named. Pursuant to the Court's June 24, 2013 Amended Scheduling Order, any proposed amendment to the Complaint was to have been filed by August 16, 2013. See Order, ECF No. 8. On October 25, 2013, Plaintiffs moved to amend the complaint. See ECF No. 16. The parties appeared by telephone for a hearing before the Undersigned to address the motion and a number of other issues on November 6, 2013. Following this hearing, Plaintiffs' motion was denied without prejudice. See Order, ECF No. 26. The instant motion to amend was filed on November 22, 2013. See Mot. to Am., ECF No. 29.

The allegations contained in the Proposed Amended Complaint mirror those contained in the Complaint. The Proposed Amended Complaint simply replaces fictitious entities with actual individuals/entities and provides details regarding the relationship between the

2

Defendants. Like the prior version of the Complaint, Plaintiffs' Proposed Amended Complaint contains ten causes of action and a separate claim for punitive damages. These ten causes of action are: (1) negligence against the Prior Owner Defendants and Mr. Wruble; (2) Negligence Per Se against the Prior Owner Defendants and Mr. Wruble; (3) violation of the New Jersey Nursing Home Responsibilities and Rights of Residents Act against the Prior Owner Defendants and Mr. Wruble; (4) Medical Malpractice against fictitious individual doctors; (5) vicarious liability/respondeat superior against the Prior Owner Defendants; (6) negligent hiring, retention, and supervision of staff against the Prior Owner Defendants; (7) discrimination and failure to accommodate against the Prior Owner Defendants and Current Owner Defendants; (8) hostile environment and unequal access in violation of New Jersey's Law Against Discrimination ("LAD"); (9) intentional and/or negligent infliction of emotion distress against the Prior Owner Defendants and Mr. Wruble; and (10) fraud and concealment against the Prior Owner Defendants.

On November 27, 2013, LPCC LLC filed an opposition to the instant motion. See ECF No. 33. LPCC LLC argues that Plaintiffs' motion should be denied as to the owners of LPCC LLC (LPCC Holding, FEM, Ms. Feliciano, and LP Inc.) because any such amendment would be futile. See id. Specifically, LPCC LLC asserts that Plaintiffs have failed to allege sufficient facts such that the corporate veil should be pierced and LPCC LLC's owners be named as defendants. Id. at 2. Furthermore, LPCC LLC raises several factual challenges to Plaintiffs' claim that LPCC Holding, FEM, Ms. Feliciano, and LP Inc. actually own LPCC LLC and provides the Court with LPCC LLC's Operating Agreement to support these assertions. See id. at 2-3; see also Ex. A to Def. Opp'n Br., ECF No. 33-1.

### III. Analysis

#### a. Rule 16(b)(4)

Given that Plaintiffs' motion was filed after the August 16, 2013 deadline set forth in the Court's June 24, 2013 Order [ECF No. 8], the first question before the Court is whether "good cause" exists to adjust this deadline to permit Plaintiffs to now file the instant motion.

Rule 16 of the Federal Rules of Civil Procedure authorizes courts to enter schedules of proceedings. The pretrial scheduling order allows a court to take "judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps." Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. 1990) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment)); see also Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) (stating the purpose of Rule 16 is to provide for judicial control over cases, streamline proceedings, maximize efficiency of the court system, and actively manage the timetable of case preparation to expedite speedy and efficient disposition of cases).

A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of a deadline for amending pleadings in the pretrial scheduling order "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); see also Harrison, 133 F.R.D. at 469 ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired."). The burden is on the moving party to show "good cause" for its failure to comply with the applicable scheduling order, and accordingly, for the Court to allow its

proposed amended pleading. Prince v. Aiellos, No. 09-5429, 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (quoting Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112, 118 (W.D. Pa. 2010)); see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84 (3d Cir. 2010) (affirming the trial court's holding that "Rule 16(b)(4) focuses on the moving party's burden to show due diligence").

Whether "good cause" exists under Rule 16 hinges to a large extent on the diligence, or lack thereof, of the moving party. GlobespanVirata, Inc. v. Texas Instruments, Inc., No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting Rent-A-Ctr. v. Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)). Put succinctly, "[a]bsent diligence, there is no 'good cause.'" Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 702 (E.D. Pa. Aug. 8, 2007); see also Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's diligence and whether "good cause" exists for granting an otherwise untimely motion to amend pleadings, courts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. See Stallings ex rel. Estate of Stallings v. IBM Corp., No. 08-3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); Kennedy v. City of Newark, No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the

5

deadline to amend has passed."). If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. See Dimensional Commc'n., Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir 2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

Here, Plaintiffs acknowledge the untimeliness of this motion, but argue that good cause exists to modify the Court's Order. Plaintiffs represent that they did not have knowledge of the LPCC LLC's owners/officers or the sale of LPCC LLC's assets at the litigation's inception. See Certification of Patricia W. Abolt ("Abolt Cert."), ECF No. 29-2 ¶¶ 6, 7, 9, 13. Plaintiffs sought this information through their interrogatories. Plaintiffs served the interrogatories months before the deadline. Id. ¶ 8, 13. LPCC LLC, however, did not provide responses to these interrogatories until October, two months after the Court's deadline had expired. Id. ¶ 5. Plaintiffs, instead of waiting for these responses, took the affirmative step of filing an OPRA request with the State of New Jersey to attempt to ascertain the new defendants' identities. Id. ¶¶ 9-11.

The Court finds that Plaintiffs have demonstrated good cause to modify the Court's August 16, 2013 deadline. Plaintiffs, early in discovery, requested the information necessary to identify the fictitious entities and individuals referenced in the Complaint. When it became clear that LPCC LLC would not timely provide the requested information, Plaintiffs promptly sought discovery of this information from alternative sources. Furthermore, on the very day

that Plaintiffs received LPCC LLC's interrogatory responses, they filed their initial motion to amend. Compare Abolt Cert., ECF No. 29-2 ¶ 5 with Mot. to Am., ECF No. 16. Therefore, the Court concludes that Plaintiffs exercised reasonable diligence in avoiding unnecessary delays. See Globespan, 2005 WL 1638136, at *3 ("A finding of good cause depends on the diligence of the moving party."). While "lack of prejudice to the nonmovant does not show good cause," the Court finds that, when taken in conjunction with the diligence demonstrated by plaintiff in timely filing, there is sufficient "good cause" pursuant to Rule 16(b)(4) for the Court to grant leave for Plaintiffs to amend. See Marlowe Patent Holdings LLC v. Dice Elecs., LLC, No. 10-1199, 2013 WL 775764, at *12 (D.N.J. Feb. 27, 2013).

    **b.**     **Rule 15(a)(2)**

Rule 15 of the Federal Rules of Civil Procedure governs motions to amend the pleadings. It states, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has discretion to determine whether to grant leave to amend the pleadings and may deny leave where there is (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, (4) repeated failures to cure deficiencies, or (5) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, LPCC LLC only alleges that the Court should deny Plaintiffs' motion for leave to file the Proposed Amended Complaint because of the futility of the amendment. Specifically, LPCC LLC's sole argument is that Plaintiffs have failed to provide sufficient evidence to pierce the corporate veil and hold LPCC LLC's owners responsible for the entity's conduct. Because LPCC LLC does not argue that there is undue delay, bad faith on the part of Plaintiffs, undue prejudice, or that Plaintiffs have

7

failed repeatedly to cure deficiencies, the Court bases its determination on whether to grant Plaintiffs' motion to amend solely on whether it would be "futile" to allow plaintiff's proposed new counts to proceed. See Assadourian v. Harb, No. 06-896, 2008 WL 4056361, at *3 (D.N.J. Aug. 28, 2008) ("The futility of amendment, or the failure of the plaintiff to articulate a claim, may also serve as a basis for denying a motion to amend.").

A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." Harrison, 133 F.R.D. at 468 (citations omitted) (internal quotations marks omitted). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A two-part analysis determines whether this standard is met. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 629 (2009)).

First, a court separates the factual and legal elements of a claim. Fowler, 578 F.3d at 210. All well-pleaded facts set forth in the pleading and the contents of the documents incorporated therein must be accepted as true, but the Court may disregard legal conclusions. Id. at 210–11; West Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 n.6 (3rd Cir. 2010); see also Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement") (alterations omitted) (internal quotations

marks omitted)).

Second, as stated above, a court determines whether a plaintiff's facts are sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; accord Fowler, 578 F.3d at 211. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Although this is not a "probability requirement," the well-pleaded facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct" to make a showing of entitlement to relief. Id. at 678–79 (citations omitted) (internal quotation marks omitted). This "context-specific task . . . requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Importantly, a court may only consider a limited record when evaluating whether a proposed amendment is futile. Specifically, a court may consider only the proposed pleading, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents if the claims are based on those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord West Penn, 627 F.3d at 97 n.6 (reiterating the rule and its limited exception for documents that are "integral or explicitly relied upon in the complaint"). The Court will not consider the additional documents presented in the parties' briefs to the extent they fall outside Pension Benefit's framework.

### c. The Owners of LPCC LLC

Plaintiffs allege that during the relevant time period, LPCC LLC was owned by LPCC Holding, FEM, Ms. Feliciano, and LP Inc. See Prop. Am. Compl., ECF No. 30 ¶¶ 10-13.

Initially, the Court must determine whether Plaintiffs are bringing claims directly against these owners (i.e., for their own actions or inactions) or whether recovery is sought based only upon their ownership of LPCC LLC.  In many instances the four owners and LPCC LLC are jointly referred to as the "Current Owners."  For example, Paragraph 44 of the Proposed Amended Complaint reads, "On January 5, 2012, in response to the victim's screaming Prior Owner Defendants' staff found 'Resident #5' in the bed of a female resident rubbing her inappropriately."  Id. ¶ 44.  Other sections of the Complaint, however, refer only to actions taken by LPCC LLC.  See, e.g., id. at ¶ 9.  Upon carefully reviewing the Complaint, it is clear that LPCC Holding, FEM, and LP Inc. are named as defendants based only upon their ownership interest in LPCC LLC, and Ms. Feliciano is being sued based upon both her ownership interest and her position as an officer of LPCC LLC.  This reading is confirmed by reviewing Plaintiffs' reply brief, in which Plaintiffs make clear that the Court's interpretation is correct.  See Pls. Reply Br., ECF No. 34, at 2.

     Plaintiffs argue that LPCC LLC's owners can be separately named as defendants under the equitable doctrine of piercing the corporate veil.  Id. at 2-4.  Under New Jersey law:

> The primary purpose of forming a corporation, such as a limited liability company ('LLC'), is to insulate its members from the liabilities that accompany a business enterprise. Courts are generally unwilling to pierce the corporate veil and hold members personally liable unless the corporation is being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law.  In the absence of fraud or injustice, courts generally will not pierce the corporate veil to impose liability on the corporate principals. The party seeking to pierce the corporate veil . . . bears the burden of proof and must demonstrate the misuse of the corporate form and the necessity of disregarding it in order to do equity.

Midway Glass and Metal Installers, Inc. v. Constr. Co-Ordinators, LLC, No. DC-11588-11, 2013

WL 5268952, at *4 (N.J. App. Div. Sept. 19, 2013) (internal citations and quotations omitted).

> In New Jersey and most other jurisdictions, there are two overarching elements required to pierce the corporate veil: First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice. In determining whether the first element has been satisfied, a number of factors must be considered, including: gross undercapitalization, failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-function of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders. With regard to the second element, there must be some "wrong" beyond simply a judgment creditor's inability to collect (otherwise, the corporate veil would be pierced in virtually every case). Plaintiff need not prove common law fraud, however, but rather must meet the less rigid standard of "fraud, injustice, or the like."

The Mall at IV Group Props., LLC v. Roberts, No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005).

The Court finds that the Proposed Amended Complaint does not contain any allegations that, if true, could support a finding that the corporate veil should be pierced. Plaintiffs neither allege a "unity of interest and ownership" nor any "fraud or injustice" that would result if the corporate form were not disregarded. While Plaintiffs' reply brief contains allegations regarding LPCC LLC's capitalization, these allegations are not included in the Proposed Amended Complaint. Nevertheless, Plaintiffs have raised serious allegations that LPCC LLC was dissolved after this litigation commenced and that LPCC LLC did not, upon its dissolution, retain sufficient reserves for future liabilities. However, further discovery is necessary to determine whether these allegations are true. Therefore, Plaintiffs' motion to amend as to the

11

addition of LPCC LLC's owners is denied without prejudice.   If discovery reveals that the corporate veil should be pierced pursuant to New Jersey law, Plaintiffs may file a subsequent motion to amend to add LPCC LLC's owners as defendants.   The Court wishes to make clear, however, that the Court is not authorizing Plaintiffs to file a renewed motion to amend immediately following this Opinion's issuance.   Instead, Plaintiffs must wait until they have discovered LPCC LLC's actual ownership, the circumstances surrounding the asset sale, LPCC's capitalization both before and after the sale, and other facts that sufficiently demonstrate the corporate veil should be pierced in this case.[2]   Furthermore, Plaintiffs must include these factual allegations in any future proposed amended complaint, not in their briefs, as these issues are central to Plaintiffs' argument that they are entitled to pierce the corporate veil.

### d. The Current Owners

Plaintiffs allege that the nursing home is currently owned and operated by PB Operating, which is owned by PB Ventures.   See Proposed Am. Compl., ECF No. 30 ¶¶ 16, 17.   Plaintiffs seek to add both PB Operating and PB Ventures as defendants.   These defendants are named in one count: Discrimination and Failure to Accommodate in Violation of New Jersey's Law Against Discrimination, the Rehabilitation Act of 1973 (Section 504) and the Americans with Disabilities Act.

LPCC LLC, while also named in this cause of action, has raised no argument as to the futility of this cause of action based upon the facts alleged in the Complaint.   Therefore, the

---

[2] As the motion to add LPCC LLC's owners is being denied, the Court need not address the factual disputes contained in LPCC LLC's opposition brief or Plaintiffs' reply.   The Court notes, however, that many of these arguments are improper as they refer to evidence beyond the Proposed Amended Complaint, exhibits attached to that pleading, matters of public record, and undisputedly authentic documents if the claims are based on those documents.

Court will make no determination as to this cause of action's merits at this time. While the Court shall grant Plaintiffs' motion to amend to add PB Operating as a defendant, this ruling does not preclude PB Operating from moving, if appropriate, to dismiss this cause of action pursuant to Federal Rule of Civil Procedure 12.

As to PB Ventures, however, it appears that Plaintiffs are seeking to add PB Ventures based solely upon its ownership of PB Operating. As to this defendant, Plaintiffs again have offered no allegations as to why the corporate veil should be pierced. Therefore, the Court shall deny Plaintiffs' motion to add PB Operating without prejudice for the same reasons that Plaintiffs' motion to add LPCC LLC's owners is denied.

  e.  **Ms. Feliciano and Mr. Wruble**

LPCC LLC's opposition assumes that Plaintiffs only seek to add Ms. Feliciano as a defendant based upon her alleged ownership interest in LPCC LLC. See Def. Opp'n Br., ECF No. 33. Plaintiffs, however, also seek to add Ms. Feliciano based upon her position as an officer/manager of LPCC LLC, arguing that she is "a party responsible for the negligence and other wrongful acts of the Defendant Lincoln Park Center LLC." Pls. Reply Br., ECF No. 34, at 2.

As no attorney has appeared on behalf of Ms. Feliciano and LPCC LLC offers no argument on her behalf as to why Plaintiffs' claims cannot be brought against Ms. Feliciano based upon her role as a supervisor or policy-maker, the Court shall grant Plaintiffs' motion to add Ms. Feliciano as a defendant to the extent that claims are brought against her based upon her role at LPCC LLC, but the Court shall take no position as to whether Plaintiffs can recover from Ms. Feliciano under each of the causes of action for which she is named.

Similarly, no opposition has been raised as to the addition of Mr. Wruble. Therefore, the Court shall grant Plaintiffs' motion to add Mr. Wruble as a defendant but takes no position as to whether Plaintiffs can recover from Mr. Wruble for each of the causes of action for which he is named.

IV. **Conclusion**

In summary, the only issue the parties briefed was the application of New Jersey's veil piercing doctrine to the claims brought against LPCC Holding, FEM, Ms. Feliciano (as an owner), and LP Inc. As Plaintiffs have failed to demonstrate why the corporate form should be disregarded in this case, Plaintiffs' motion is denied to the extent that it seeks to add any defendant (LPCC Holding, FEM, Ms. Feliciano, LP Inc., or PB Ventures) based upon their ownership of a potentially liable defendant (LPCC LLC and PB Operating). The Court's denial-in-part is made without prejudice to Plaintiffs' right to file a motion to amend if warranted based upon further discovery in this matter. The remainder of Plaintiffs' motion (to add PB Operating, Ms. Feliciano (based upon her management position at LPCC LLC), and Mr. Wruble) is granted. Because many issues were not briefed by LPCC LLC's counsel regarding the merits of the underlying causes of action against the new defendants, the Court takes no position as to the merits of the claims against PB Operating, Ms. Feliciano, and Mr. Wruble. The Court's ruling does not prohibit or otherwise restrict these parties from filing a motion to dismiss any or all of the claims brought against them pursuant to Federal Rule of Civil Procedure 12.

*s/ Michael A. Hammer*
**United States Magistrate Judge**